UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TIFFANY ANNE PARKES, | |
| Plaintiff, | 25-CV-3783 (KMW) |
| -against- | ORDER OF DISMISSAL |
| LESTER C. WALKER II, GHETTO GASTRO, INC., GHETTO GASTRO GLOBAL, LLC, | WITH LEAVE TO REPLEAD |
| Defendants. | |

KIMBA M. WOOD, United States District Judge:

Plaintiff, appearing *pro se*, brings this action asserting claims under the Civil Rights Act of 1964, 42 U.S.C. § 1983, federal criminal statutes (18 U.S.C §§ 242, 250, 1591, and 2242), and state law (invasion of privacy, sexual harassment, defamation, and the wrongful death of her mother). Plaintiff sues Lester C. Walker II ("Walker") and two companies with which he is involved, Ghetto Gastro, Inc. and Ghetto Gastro Global, LLC. By Order dated August 6, 2025, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. (ECF No. 4.) For the reasons set forth below, the Court dismisses the action, but grants Plaintiff 30 days' leave to replead.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction over the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

Although the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and to interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" courts provide to *pro se* litigants, *id*. at 475 (citation omitted), has its limits—to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2).

Rule 8 requires a complaint to include enough facts to state a claim "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true, but it need not accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Id*. at 678-79. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible—not merely possible—that the pleader is entitled to relief. *Id.*

## BACKGROUND

The following facts are drawn from the complaint.[1]  (ECF No. 1.)  Plaintiff Tiffany Anne

Parkes met Walker and "other co-founders" in November 2017 while working as a sous chef.[2]

(*Id.* at 2.)  On August 30, 2019, Plaintiff and Walker engaged in sexual relations, which Plaintiff

assumed to be private.  (*Id.* at 1.)  It was later revealed that these intimate moments had been

recorded, and the recording was broadcast without her consent, leading to harassment and other

negative consequences for Plaintiff.  (*Id.* at 2.)  Since this incident, Plaintiff has experienced

harassment, "blackballing" in the restaurant industry, and personal and familial hostility,

contributing to her homelessness and emotional distress.  (*Id.*)

Plaintiff mentions the mysterious death of her mother, implying that there has been foul

play involving local police, federal authorities, and the medical examiner's office.[3]  (*Id.*)

Plaintiff seeks compensation of $1,000,000,000.00 for punitive damages, pain and

suffering, defamation, personal injury, and medical expenses.  (*Id.* at 3.)

## DISCUSSION

### A.    Constitutional Claims

Plaintiff invokes 42 U.S.C. § 1983 as a basis for her claims against Walker and two

companies with which he is involved (Ghetto Gastro, Inc. and Ghetto Gastro Global, LLC

---

[1] The Court quotes from the complaint verbatim.  All spelling, grammar, and punctuation appear as in the complaint, unless noted otherwise.

[2] The reference to co-founders presumably refers to Ghetto Gastro, Inc. and Ghetto Gastro Global, LLC, though the complaint is unclear.

[3] These allegations about the death of Plaintiff's mother are the subject of a separate suit, *Parkes v. Broward County Office of Medical Examiner & Trauma*, 25-CV-2307 (S.D.N.Y. Apr. 4, 2025) (Swain, C.J.), which was transferred to the United States District Court for the Southern District of Florida.  For that reason, this Court does not consider any claims concerning the death of Plaintiff's mother.

(collectively "Ghetto Gastro")).  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege

both that: (1) a right secured by the Constitution or laws of the United States was violated, and

(2) the right was violated by a person acting under the color of state law, or a "state actor." *West

v. Atkins*, 487 U.S. 42, 48-49 (1988).

A Section 1983 claim must allege facts showing that each defendant acted under the color

of a state "statute, ordinance, regulation, custom or usage."  42 U.S.C. § 1983.  Private parties

are therefore generally not liable under Section 1983.  *Sykes v. Bank of Am.*, 723 F.3d 399, 406

(2d Cir. 2013) (per curiam) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531

U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002)

("[T]he United States Constitution regulates only the Government, not private parties.").

Because Defendant Walker and Ghetto Gastro are private parties and entities not alleged to work

for, or be part of, any state or government body, Plaintiff fails to state a claim against these

defendants under Section 1983.  Plaintiff's civil rights claims under Section 1983 are therefore

dismissed for failure to state a claim on which relief can be granted.  28 U.S.C.

§ 1915(e)(2)(B)(ii).

## B.    Prosecuting Criminal Charges

Plaintiff cannot initiate the arrest and prosecution of an individual in this court because

"the decision to prosecute is solely within the discretion of the prosecutor."  *Leeke v.

Timmerman*, 454 U.S. 83, 87 (1981) (per curiam).  Nor can Plaintiff direct prosecuting attorneys

to initiate a criminal proceeding against defendants, because prosecutors possess discretionary

authority to bring criminal actions, and they are "immune from control or interference by citizen

or court."  *Conn. Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 87 (2d Cir. 1972).

Accordingly, the Court dismisses Plaintiff's claims, brought under federal criminal statutes, 18

U.S.C §§ 242, 250, 1591, and 2242, for lack of subject matter jurisdiction.  *See* Fed. R. Civ. P.

12(h)(3); *Mahon v. Ticor Title Ins. Co.* 683 F.3d 59, 62 (2d Cir. 2012) ("If [a] plaintiff[ ] lack[s] Article III standing, a [federal] court has no subject matter jurisdiction to hear [his] claim." (citation omitted)).

## C.    Employment Discrimination Under Title VII

Plaintiff invokes the Civil Rights Act of 1964, which includes subchapters II to IX, which in turn govern discrimination in public accommodations (Title II), discrimination in federally funded programs (Title VI), employment discrimination (Title VII), and sex discrimination in education (Title IX).  Because Plaintiff references her employment, the Court liberally construes the allegations of the complaint as invoking Title VII, prohibiting employment discrimination.[4]

Plaintiff alleges that she met Defendant Walker in 2017, while working as a sous chef at Ghetto Gastro.  The other events in the complaint took place in 2019, and it is unclear if Plaintiff was still an employee of Ghetto Gastro at that time.  Plaintiff also alleges that she "has been subject to the most unusual, outlandish, and disrespectful sexual harassment at her places of employment," and that she "has been blackballed particularly within the Food and Beverage Industry."  (ECF No. 1 at 2.)

Title VII provides that "[i]t shall be an unlawful employment practice for an employer … to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin."  42 U.S.C. § 2000e-2(a).  Plaintiff alleges that she has been subjected to "sexual harassment at her places of employment," but it is unclear if she is referring to events at Ghetto Gastro or other places of

---

[4] Plaintiff has a pending employment discrimination suit arising from her employment at Soho House, *Parkes v. Soho House & Co. Inc.*, No. 24-CV-3821 (S.D.N.Y.) (Abrams, J.), in addition to other actions in this court.

employment. Moreover, Plaintiff fails to include any facts supporting her allegations. Plaintiff's complaint thus fails to state a claim under Title VII on which relief can be granted.

Because the Court grants Plaintiff leave to replead her claims, the Court sets forth here the elements of a Title VII claim. Title VII prohibits employers from mistreating an individual because of the individual's protected characteristics, *Patane v. Clark*, 508 F.3d 106, 112 (2d Cir. 2007) (per curiam), or retaliating against an employee who has opposed any practice made unlawful by those statutes, *see Crawford v. Metro. Gov't*, 555 U.S. 271, 276 (2009) (holding that conduct is protected when it "confront[s]," "resist[s]," or "withstand[s]" unlawful actions). Mistreatment at work that occurs for a reason other than an employee's protected characteristic or opposition to unlawful conduct is not actionable under federal antidiscrimination statutes. *See Chukwuka v. City of New York*, 513 F. App'x 34, 36 (2d Cir. 2013) (summary order) (quoting *Brown v. Henderson*, 257 F.3d 246, 252 (2d Cir. 2001)).

At the pleading stage in an employment discrimination action, "a plaintiff must plausibly allege that (1) the employer took adverse employment action against [her], and (2) h[er] race, color, religion, sex, or national origin was a motivating factor in the employment decision." *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 86 (2d Cir. 2015). The plaintiff "may do so by alleging facts that directly show discrimination or facts that indirectly show discrimination by giving rise to a plausible inference of discrimination." *Id.* at 87. If Plaintiff chooses to file an amended complaint to replead allegations of employment discrimination, the Court encourages Plaintiff to use the Court's Amended Complaint for Employment Discrimination form and to include facts as described above.[5]

---

[5] If Plaintiff is bringing an employment discrimination action against Ghetto Gastro, and if she has a Notice of Right to Sue from the Equal Employment Opportunity Commission (EEOC), she should include it with her amended complaint.

**D.    Violence Against Women Reauthorization Act**

Plaintiff's complaint may be liberally construed as asserting a claim under the Violence

Against Women Reauthorization Act of 2022 ("VAWA"), 15 U.S.C. § 6851, which became

effective as of October 1, 2022, and provides a private right of action for

> an individual whose intimate visual depiction is disclosed, in or affecting
> interstate or foreign commerce or using any means or facility of interstate or
> foreign commerce, without the consent of the individual, where such disclosure
> was made by a person who knows that, or recklessly disregards whether, the
> individual has not consented to such disclosure.

15 U.S.C. § 6851(b)(1)(A).

The VAWA statute does not have its own statute of limitations, and courts therefore look

to the most analogous state statute of limitations.  *Ericson v. Syracuse Univ.*, 35 F. Supp. 2d 326,

329 (S.D.N.Y. 1999) (Rakoff, J.).  Courts in this district have held that "a VAWA cause of action

is most analogous to a personal injury claim" under New York state law, and thus New York's

three-year personal injury statute of limitation period applies to VAWA claims in New York.  *Id.*

at 330.

Here, Plaintiff alleges that recordings of her intimate encounter in 2019, "have been

recorded/broadcast[] to a wide audience."  (ECF No. 1 at 2.)  Plaintiff does not invoke VAWA or

allege any facts about the manner of disclosure or whether the disclosure took place "in or

affecting interstate or foreign commerce or using any means or facility of interstate or foreign

commerce."  § 6851(b)(1)(A).  Plaintiff's allegations are therefore insufficient to state a Section

6851 claim, and these allegations are dismissed for failure to state a claim on which relief can be

granted, with 30 days' leave to replead.

Although the Court grants Plaintiff leave to replead, the Court notes that Plaintiff has

alleged that the recordings were created in 2019, and it is unclear whether the alleged disclosure

was after the effective date of the statute on October 1, 2022.  The Second Circuit has not

addressed whether Section 6851 applies retroactively to conduct before its enactment, though the United States Supreme Court has identified a general presumption against statutory retroactivity.[6]  *See Landgraf v. USI Film Prods.*, 511 U.S. 244, 278 (1994). ("[W]e did not intend to displace the traditional presumption against applying statutes affecting substantive rights, liabilities, or duties to conduct arising before their enactment.").

In addition, because the failure to file an action within the relevant limitations period is an affirmative defense, *see* Fed. R. Civ. P. 8(c)(1), a plaintiff generally is not required to plead that her claims are timely filed, *see Abbas v. Dixon*, 480 F.3d 636, 640 (2d Cir. 2007).  Dismissal is appropriate, however, where the existence of an affirmative defense, such as the statute of limitations, is plain from the face of the pleading.  *See Walters v. Indus. & Com. Bank of China, Ltd.*, 651 F.3d 280, 293 (2d Cir. 2011) ("[D]istrict courts may dismiss an action *sua sponte* on limitations grounds in certain circumstances where the facts supporting the statute of limitations defense are set forth in the papers plaintiff himself submitted.") (internal quotation marks and citations omitted).

Plaintiff has alleged that the recordings were created more than five years before Plaintiff filed this suit on May 5, 2025.  If Plaintiff chooses to file an amended complaint, and if the recordings of Plaintiff were broadcast more than three years before she filed the original complaint, Plaintiff should also include facts in the amended complaint about whether there is any basis for equitable tolling of the limitations period.  *See Zerilli-Edelglass v. N.Y.C. Transit Auth.*, 333 F.3d 74, 80-81 (2d Cir. 2003) (holding that equitable tolling is "only appropriate in rare and exceptional circumstances, in which a party is prevented in some extraordinary way

---

[6] Other district courts have concluded that Section 6851 does not apply retroactively to disclosures before October 1, 2022.  *See*, *e.g.*, *Ballou v. Wells*, 2024 WL 2328216, at *1 (N.D. Okla. May 22, 2024).

from exercising h[er] rights," and a plaintiff must show (1) that she acted with reasonable diligence during the period tolled, and (2) that extraordinary circumstances justify application of the doctrine (citations omitted and alterations adopted)).[7]

### E.    State Law Claims

A district court may decline to exercise supplemental jurisdiction over state law claims when it "has dismissed all claims over which it has original jurisdiction."  28 U.S.C. § 1367(c)(3).  Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction."  *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (footnote omitted)); ; *see also Royal Canin U. S. A., Inc. v. Wullschleger*, 604 U.S. 22, 32 (2025) (holding that once the district court has dismissed all claims over which it has original jurisdiction, "although supplemental jurisdiction persists, the district court need not exercise it: Instead, the court may (and indeed, ordinarily should) kick the case to state court.").

Having dismissed the federal claims over which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction over any state law claims Plaintiff may be asserting.  *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

---

[7] New York also provides by statute for other circumstances in which a limitations period may be tolled. *See, e.g.*, N.Y. C.P.L.R. § 204(a) (where commencement of an action has been stayed by court order), *id.* at § 204 (where a dispute has been submitted to arbitration but is ultimately determined to be non-arbitrable), *id.* at § 207(3) (defendant is outside New York at the time the claim accrues), *id.* at § 208 (plaintiff is disabled by infancy or insanity).

## LEAVE TO AMEND IS GRANTED

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Lucente v. Int'l Bus. Machs. Corp.*, 310 F.3d 243, 258 (2d Cir. 2002). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts to state a valid claim for disclosure of an intimate visual depiction in violation of 15 U.S.C. § 6851(b)(1)(A), or for employment discrimination, the Court grants Plaintiff 30 days' leave to amend her complaint to detail her claims.[8] Plaintiff's claims under federal criminal law and for violations of her constitutional rights under Section 1983 should not be repleaded as it would be futile to do so.

If Plaintiff does not file an amended complaint within the time allowed, the Court will direct the Clerk of Court to enter judgment in this action.

## CONCLUSION

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), with 30 days' leave to replead.

---

[8] Plaintiff does not expressly state that the recordings consisted of visual images. However, the Court liberally construes her complaint as attempting to assert a claim under 15 U.S.C. § 6851(b)(1)(A). In the amended complaint, Plaintiff should make clear whether the recordings she claims were "broadcast" were of a visual nature or otherwise.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to hold this action open on the docket until a civil judgment is entered.

SO ORDERED.

Dated:   August 14, 2025                    /s/ Kimba M. Wood
         New York, New York

_____
               KIMBA M. WOOD
           United States District Judge

11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.



-against-

_____

_____

_____

_____

Write the full name of each defendant. If you need more
space, please write "see attached" in the space above and
attach an additional sheet of paper with the full list of
names. The names listed above must be identical to those
contained in Section II.

_____CV_____
(Include case number if one has been
assigned)


**AMENDED**

**COMPLAINT**

Do you want a jury trial?
        ☐ Yes    ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed
with the court should therefore *not* contain: an individual's full social security number or full
birth date; the full name of a person known to be a minor; or a complete financial account
number. A filing may include *only*: the last four digits of a social security number; the year of
an individual's birth; a minor's initials; and the last four digits of a financial account number.
See Federal Rule of Civil Procedure 5.2.

## I.   BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐   **Federal Question**

☐   **Diversity of Citizenship**

## A.   If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

_____

## B.   If you checked Diversity of Citizenship

### 1.   Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , _____, is a citizen of the State of
                        (Plaintiff's name)

_____
(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

Page 2

If the defendant is an individual:

The defendant, _____, is a citizen of the State of
                        (Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or
subject of the foreign state of

_____.

If the defendant is a corporation:

The defendant, _____, is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____.

If more than one defendant is named in the complaint, attach additional pages providing
information for each additional defendant.

## II.  PARTIES

### A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional
pages if needed.

_____
First Name                    Middle Initial        Last Name

_____
Street Address

_____
County, City                           State                  Zip Code

_____        _____
Telephone Number                       Email Address (if available)

## B. Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1:

_____

First Name                          Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                          State                  Zip Code

Defendant 2:

_____

First Name                          Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                          State                  Zip Code

Defendant 3:

_____

First Name                          Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                          State                  Zip Code

Defendant 4:

_____
First Name                         Last Name

_____
Current Job Title (or other identifying information)

_____
Current Work Address (or other address where defendant may be served)

_____
County, City                       State          Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

## FACTS:

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Page 5

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

**IV. RELIEF**

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

## V.  PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

| |
|---|
| Street Address |

| | | |
|---|---|---|
| County, City | State | Zip Code |

| | |
|---|---|
| Telephone Number | Email Address (if available) |

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes    ☐ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

_____

_____
Write the full name of each plaintiff.

-against-

_____

_____
Write the full name of each defendant. The names listed
above must be identical to those contained in Section I.

_____CV_____
(Include case number if one has been
assigned)

Do you want a jury trial?

☐ Yes      ☐ No

## EMPLOYMENT DISCRIMINATION COMPLAINT

| NOTICE |
| --- |
| The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2. |

## I.    PARTIES

### A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional pages if needed.

First Name                      Middle Initial          Last Name

Street Address

County, City                                    State                        Zip Code

Telephone Number                        Email Address (if available)

### B.  Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. (Proper defendants under employment discrimination statutes are usually employers, labor organizations, or employment agencies.) Attach additional pages if needed.

Defendant 1:

Name

Address where defendant may be served

County, City                            State                    Zip Code

Defendant 2:

Name

Address where defendant may be served

County, City                            State                    Zip Code

Defendant 3:

_____
Name

_____
Address where defendant may be served

_____
County, City          State         Zip Code

## II.    PLACE OF EMPLOYMENT

The address at which I was employed or sought employment by the defendant(s) is:

_____
Name

_____
Address

_____
County, City          State         Zip Code

## III.    CAUSE OF ACTION

### A.  Federal Claims

This employment discrimination lawsuit is brought under (check only the options below that apply in your case):

☐   **Title VII of the Civil Rights Act of 1964**, 42 U.S.C. §§ 2000e to 2000e-17, for employment discrimination on the basis of race, color, religion, sex, or national origin

      The defendant discriminated against me because of my (check only those that apply and explain):

      ☐  race: _____

      ☐  color: _____

      ☐  religion: _____

      ☐  sex: _____

      ☐  national origin: _____

Page 3

☐ **42 U.S.C. § 1981**, for intentional employment discrimination on the basis of race

My race is: _____

☐ **Age Discrimination in Employment Act of 1967**, 29 U.S.C. §§ 621 to 634, for employment discrimination on the basis of age (40 or older)

I was born in the year: _____

☐ **Rehabilitation Act of 1973**, 29 U.S.C. §§ 701 to 796, for employment discrimination on the basis of a disability by an employer that constitutes a program or activity receiving federal financial assistance

My disability or perceived disability is: _____

☐ **Americans with Disabilities Act of 1990**, 42 U.S.C. §§ 12101 to 12213, for employment discrimination on the basis of a disability

My disability or perceived disability is: _____

☐ **Family and Medical Leave Act of 1993**, 29 U.S.C. §§ 2601 to 2654, for employment discrimination on the basis of leave for qualified medical or family reasons

**B.  Other Claims**

In addition to my federal claims listed above, I assert claims under:

☐ **New York State Human Rights Law**, N.Y. Exec. Law §§ 290 to 297, for employment discrimination on the basis of age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic characteristics, marital status

☐ **New York City Human Rights Law**, N.Y. City Admin. Code §§ 8-101 to 131, for employment discrimination on the basis of actual or perceived age, race, creed, color, national origin, gender, disability, marital status, partnership status, sexual orientation, alienage, citizenship status

☐ Other (may include other relevant federal, state, city, or county law):

_____

## IV.    STATEMENT OF CLAIM

### A.  Adverse Employment Action

The defendant or defendants in this case took the following adverse employment
actions against me (check only those that apply):

☐  did not hire me

☐  terminated my employment

☐  did not promote me

☐  did not accommodate my disability

☐  provided me with terms and conditions of employment different from those of
similar employees

☐  retaliated against me

☐  harassed me or created a hostile work environment

☐  other (specify): _____

_____

### B.  Facts

State here the facts that support your claim. Attach additional pages if needed. You should
explain what actions defendants took (or failed to take) *because of* your protected
characteristic, such as your race, disability, age, or religion. Include times and locations, if
possible. State whether defendants are continuing to commit these acts against you.

_____

_____

_____

_____

_____

_____

As additional support for your claim, you may attach any charge of discrimination that you filed
with the U.S. Equal Employment Opportunity Commission, the New York State Division of
Human Rights, the New York City Commission on Human Rights, or any other government
agency.

## V.    ADMINISTRATIVE PROCEDURES

For most claims under the federal employment discrimination statutes, before filing a lawsuit, you must first file a charge with the U.S. Equal Employment Opportunity Commission (EEOC) and receive a Notice of Right to Sue.

Did you file a charge of discrimination against the defendant(s) with the EEOC or any other government agency?

☐    Yes (Please attach a copy of the charge to this complaint.)

When did you file your charge?    _____

☐    No

Have you received a Notice of Right to Sue from the EEOC?

☐    Yes (Please attach a copy of the Notice of Right to Sue.)

What is the date on the Notice?    _____

When did you receive the Notice?    _____

☐    No

## VI.    RELIEF

The relief I want the court to order is (check only those that apply):

☐    direct the defendant to hire me

☐    direct the defendant to re-employ me

☐    direct the defendant to promote me

☐    direct the defendant to reasonably accommodate my religion

☐    direct the defendant to reasonably accommodate my disability

☐    direct the defendant to (specify) (if you believe you are entitled to money damages, explain that here)

_____

_____

_____

_____

Page 6

## VII.    PLAINTIFF'S CERTIFICATION

By signing below, I certify to the best of my knowledge, information, and belief that:
(1) the complaint is not being presented for an improper purpose (such as to harass,
cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are
supported by existing law or by a nonfrivolous argument to change existing law; (3) the
factual contentions have evidentiary support or, if specifically so identified, will likely
have evidentiary support after a reasonable opportunity for further investigation or
discovery; and (4) the complaint otherwise complies with the requirements of Federal
Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I
understand that my failure to keep a current address on file with the Clerk's Office may
result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to
proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

Street Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

| | |
|---|---|
| Telephone Number | Email Address (if available) |

I have read the attached Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes    ☐ No

If you do consent to receive documents electronically, submit the completed form with your
complaint. If you do not consent, please do not attach the form.

**United States District Court**
**Southern District of New York**

# Pro Se (Nonprisoner) Consent to Receive Documents Electronically

Parties who are not represented by an attorney and are not currently incarcerated may choose to receive documents in their cases electronically (by e-mail) instead of by regular mail. Receiving documents by regular mail is still an option, but if you would rather receive them only electronically, you must do the following:

1. Sign up for a PACER login and password by contacting PACER[1] at www.pacer.uscourts.gov or 1-800-676-6856;

2. Complete and sign this form.

If you consent to receive documents electronically, you will receive a Notice of Electronic Filing by e-mail each time a document is filed in your case. After receiving the notice, you are permitted one "free look" at the document by clicking on the hyperlinked document number in the e-mail.[2] Once you click the hyperlink and access the document, you may not be able to access the document for free again. After 15 days, the hyperlink will no longer provide free access. Any time that the hyperlink is accessed after the first "free look" or the 15 days, you will be asked for a PACER login and may be charged to view the document. For this reason, *you should print or save the document during the "free look" to avoid future charges.*

## IMPORTANT NOTICE

Under Rule 5 of the Federal Rules of Civil Procedure, Local Civil Rule 5.2, and the Court's Electronic Case Filing Rules & Instructions, documents may be served by electronic means. If you register for electronic service:

1. You will no longer receive documents in the mail;

2. If you do not view and download your documents during your "free look" and within 15 days of when the court sends the e-mail notice, you will be charged for looking at the documents;

3. This service does *not* allow you to electronically file your documents;

4. It will be your duty to regularly review the docket sheet of the case.[3]

---

[1] Public Access to Court Electronic Records (PACER) (www.pacer.uscourts.gov) is an electronic public access service that allows users to obtain case and docket information from federal appellate, district, and bankruptcy courts, and the PACER Case Locator over the internet.

[2] You must review the Court's actual order, decree, or judgment and not rely on the description in the email notice alone. *See* ECF Rule 4.3

[3] The docket sheet is the official record of all filings in a case. You can view the docket sheet, including images of electronically filed documents, using PACER or you can use one of the public access computers available in the Clerk's Office at the Court.

# CONSENT TO ELECTRONIC SERVICE

I hereby consent to receive electronic service of notices and documents in my case(s) listed below. I affirm that:

1. I have regular access to my e-mail account and to the internet and will check regularly for Notices of Electronic Filing;

2. I have established a PACER account;

3. I understand that electronic service is service under Rule 5 of the Federal Rules of Civil Procedure and Rule 5.2 of the Local Civil Rules, and that I will no longer receive paper copies of case filings, including motions, decisions, orders, and other documents;

4. I will promptly notify the Court if there is any change in my personal data, such as name, address, or e-mail address, or if I wish to cancel this consent to electronic service;

5. I understand that I must regularly review the docket sheet of my case so that I do not miss a filing; and

6. I understand that this consent applies only to the cases listed below and that if I file additional cases in which I would like to receive electronic service of notices of documents, I must file consent forms for those cases.

## Civil case(s) filed in the Southern District of New York:

**Note:** This consent will apply to all cases that you have filed in this court, so please list all of your pending and terminated cases. For each case, include the case name and docket number (for example, John Doe v. New City, 10-CV-01234).

_____

_____


_____
Name (Last, First, MI)

_____
Address          City          State          Zip Code

_____
Telephone Number          E-mail Address

_____
Date          Signature

**Return completed form to:**

Pro Se Intake Unit (Room 200)
500 Pearl Street
New York, NY 10007